1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

RAMON I. CONTRERAS,

Plaintiff,

vs.

STATE OF CALIFORNIA,

Defendant.

CASE NO. 14cv1329-LAB (JLB)

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PETITION AS FRIVOLOUS**

State prisoner Ramon Contreras was found guilty of first degree murder and attempted first degree murder in the Superior Court of California, County of San Diego. (Docket no. 1 at 29–30.) He contends that the California state courts have refused to grant him post-conviction discovery. He brings this federal case against the State of California to obtain the discovery. (*Id.* at 1–17.)

## I.   Motion to Proceed IFP

Contreras didn't prepay the $400 civil filing fee required to commence a civil action by 28 U.S.C. § 1914(a) at the time of filing; instead he filed a Motion to Proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). (Docket no. 2.)

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only

1   if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

2   *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner and he is

3   granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments,"

4   *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his

5   action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281

6   F.3d 844, 847 (9th Cir. 2002).  Prisoners seeking leave to proceed IFP must submit a

7   "certified copy of the trust fund account statement (or institutional equivalent) for

8   the . . . six-month period immediately preceding the filing of the complaint."  28 U.S.C. §

9   1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust

10  account statement, the Court assesses an initial payment of 20% of (a) the average monthly

11  deposits in the account for the past six months, or (b) the average monthly balance in the

12  account for the past six months, whichever is greater, unless the prisoner has no assets.

13  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the

14  prisoner then collects subsequent payments, assessed at 20% of the preceding month's

15  income, in any month in which the prisoner's account exceeds $10, and forwards those

16  payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

17         In support of his IFP Motion, Contreras has submitted a certified copy of his trust

18  account statements.  His trust account records show no deposits, a trivial average monthly

19  balance, and an available balance of $0.00 in his account at the time of filing. (Docket no.

20  2 at 4.)  Based on this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed

21  IFP (Docket no. 2) and assesses no initial partial filing fee.  The remaining balance owed in

22  this case must be collected and forwarded to the Clerk of the Court pursuant to the

23  installment payment provisions set out in 28 U.S.C. § 1915(b)(1).

24  **II.     Initial Screening Under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

25         28 U.S.C. § 1915 requires the Court to review complaints filed by all persons

26  proceeding IFP and by those, like Contreras, who file while "incarcerated or detained in any

27  facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal

28  law or the terms or conditions of parole, probation, pretrial release, or diversionary program,"

1   "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under

2   these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which

3   are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

4   are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122,

5   1126–27 (9th Cir. 2000); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

6   ### A.   The Court Lacks Jurisdiction Under the *Rooker-Feldman* Doctrine

7   Under the *Rooker-Feldman* doctrine, federal district courts may exercise only original

8   jurisdiction; they may not exercise appellate jurisdiction over state court decisions.  *See*

9   *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v.*

10  *Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).  *Rooker-Feldman* applies even when the

11  challenge to the state court decision involves federal constitutional issues.  *See Dubinka v.*

12  *Judges of the Superior Court of the State of Cal.*, 23 F.3d 218, 221 (9th Cir. 1994).  A

13  plaintiff doesn't avoid the *Rooker-Feldman* bar by styling his attack on the state court's

14  decision as a civil rights action.  *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995).  A plaintiff

15  brings a "forbidden de facto appeal" if he "asserts as a legal wrong an allegedly erroneous

16  decision by a state court, and seeks relief from a state court judgment based on that

17  decision."  *See Noel v. Hall*, 341 F.3d 1148, 1163–64 (9th Cir. 2003).  The doctrine applies

18  not only to claims that were actually raised before the state court, but also to claims that are

19  inextricably intertwined with state court determinations. *See Feldman*, 460 U.S. at 482 n.16.

20  A claim is "inextricably intertwined" if it "succeeds only to the extent that the state court

21  wrongly decided the issues before it."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987).

22  Through this lawsuit, Contreras challenges the state court's denial of his discovery

23  motion, and seeks relief from the state court's order. The *Rooker-Feldman* doctrine bars his

24  claims.  *See Cooper v. Ramos*, 704 F.3d 772 (9th Cir. 2012) (challenge to state court's

25  denial of post-judgment discovery motion barred by *Rooker-Feldman*).

26  ### B.   The State of California is Immune from Suit

27  Contreras' lawsuit names one defendant—the State of California.  But the state of

28  California is immune from Contreras' suit.  *Will v. Michigan Dep't of State Police*, 491 U.S.

1   58, 65–66 (1989); *see also Edelglass v. New Jersey*, 2015 WL 225810, at \*13 (D.N.J. Jan.

2   16, 2015) (dismissing all claims the plaintiff alleged against the State of New Jersey in his

3   42 U.S.C. § 1983 lawsuit—including those seeking injunctive relief—because the State was

4   protected by sovereign immunity).  Thus, Contreras' claims against the State of California

5   are barred.

6   **II.      Conclusion**

7          Contreras' lawsuit is frivolous, fails to state a claim, and is brought against immune

8   defendants.  No amendment could cure the errors in the complaint.  Thus, this case is

9   **DISMISSED WITHOUT LEAVE TO AMEND**.

10          **IT IS SO ORDERED**.

11  DATED:  November 16, 2015

12

13  **HONORABLE LARRY ALAN BURNS**
United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28